IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| ZAVIER ISIAH GREENE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 3:25-CV-432-RAH-SMD |
| | ) | |
| THE CITY OF TUSKEGEE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

### INTRODUCTION

Pending before the Court is Defendants' *Motion For Partial Dismissal Of Plaintiff's Amended Complaint By The City Of Tuskegee, Tuskegee Police Department, Chief Loyd Jenkins, Sgt. B.J. McCullough, Sgt. Joshua Bonner, Officer Brennan Echols, Officer Darius Jones, Officer Quincy Kitt, And Officer Sam White*. (Doc. 41.) Being fully briefed and thus ripe for decision, the motion is due to be granted.

### BACKGROUND

On the evening of June 12, 2021, Plaintiff Zavier Isiah Greene was visiting a friend's apartment on the 2900 block of Davidson Street in Tuskegee, Alabama when a shootout occurred at the apartment complex that resulted in one death. Several Tuskegee Police Department officers responded and investigated the shooting. As part of their investigation, the officers taped off the scene, collected evidence, and interviewed potential witnesses, including Greene. They also carried out two searches of the apartment that Greene was visiting and towed a car belonging to Greene's mother located in the apartment complex.

Later that morning, Greene was transported to the Tuskegee Police Station for questioning. After initially denying any involvement in the shooting, Greene eventually told officers that he may have moved a gun out of the way of children after the shooting. He now claims this admission was a lie due to the pressure he felt during the interrogation.

On June 15, 2021, Sgt. B.J. McCullough of the Tuskegee Police Department obtained a warrant to arrest Greene for attempted murder and felony murder. Greene was arrested and spent one month in the Macon County Jail before bonding out.

On February 11, 2022, Sgt. McCullough testified before a Macon County grand jury which later returned an indictment against Greene for attempted murder and felony murder. Greene turned himself in and eventually bonded out on March 5, 2022. Over a year later, on May 12, 2023, the State dismissed the criminal charges against Greene.

Greene brought this civil lawsuit on May 11, 2025, asserting claims against the City of Tuskegee, the Tuskegee Police Department and several of its police officers, and multiple fictious parties relating to the investigation and Greene's arrest and prosecution. The Complaint was subsequently amended on December 15, 2025, thereby making the Amended Complaint the operative pleading. That pleading is now the basis of the pending motion for partial dismissal filed by the City of Tuskegee, the Tuskegee Police Department, Chief Loyd Jenkins, Sgt. B.J. McCullough, Sgt. Joshua Bonner, Officer Brennan Echols, Officer Darius Jones, Officer Quincy Kitt, and Officer Sam White.

## LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint against the legal standard set forth in Rule 8: "a short plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as

true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. Conclusory allegations that are merely "conceivable" and fail to rise "above the speculative level" are insufficient to meet the plausibility standard. *Twombly*, 550 U.S. at 555, 570. This pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Indeed, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Id*. (quotation omitted).

"To decide whether a complaint survives a motion to dismiss, [district courts] use a two-step framework." *McCullough v. Finley*, 907 F.3d 1324, 1333 (11th Cir. 2018). "A district court considering a motion to dismiss shall begin by identifying conclusory allegations that are not entitled to an assumption of truth—legal conclusions must be supported by factual allegations." *Randall v. Scott*, 610 F.3d 701, 709–10 (11th Cir. 2010). "Second, only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679. Here, Greene "bear[s] the burden of setting forth facts that entitle them to relief." *Worthy v. City of Phenix City*, 930 F.3d 1206, 1222 (11th Cir. 2019).

## DISCUSSION

To begin, Greene concedes to the dismissal of all fictitious defendants and the Tuskegee Police Department.[1] Accordingly, those defendants will be dismissed. The Court therefore will address the remaining issues raised in the motion.

### A.    Official Capacity Claims

Loyd Jenkins, B.J. McCullough, Joshua Bonner, Brennan Echols, Darius Jones, Quincy Kitt, and Sam White (the Officer Defendants) move to dismiss all official capacity claims against them because they are redundant of the claims against the City of Tuskegee (City).

The Eleventh Circuit Court of Appeals has explained that a claim against a municipal officer in their official capacity "generally represent[s] only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978)). "Because suits against a municipal officer sued in his official capacity and direct suits against municipalities are functionally equivalent, there no longer exists a need to bring official-capacity actions against local government officials, because local government units can be sued directly . . . ." *Busby v. City of Orlando*, 931 F.2d 764, 776 (11th Cir. 1991). Thus, where a plaintiff sues both the municipal officers in their official capacity and the municipality directly, the "official-capacity claims against municipal officers should be dismissed, as keeping the claims against both the municipality and the officers would be redundant." *Higdon v. Fulton County*, 746 F. App'x 796, 799 (11th Cir. 2018).

---

[1] Despite claiming that the Tuskegee Police Department is not a suable entity, defense counsel filed an Answer on behalf of the "Tuskegee Police Department." Greene does not call attention to this inconsistency but instead concedes to the dismissal of the TDP.

Greene concedes he is suing the Officer Defendants in their official capacities as well as the City of Tuskegee directly. This is "redundant and possibly confusing to [a] jury." *Busby*, 931 F.2d at 776. As such, the official capacity claims against the Officer Defendants will be dismissed.

**B.      Claims Against the City**

**i.        Federal Claims**

Greene sues the City of Tuskegee in every count of the Amended Complaint, claiming the City is responsible for the actions of its employees. The City moves to dismiss these claims, arguing they fail to state a plausible claim under federal law.

Greene concedes the City cannot be held liable for the Officer Defendants' actions under a theory of respondent-superior liability. Greene instead claims that he has adequately pleaded a § 1983 claim under a theory of vicarious liability. These claims are due to be dismissed.

"A municipality may be liable under § 1983 for the actions of its police officers only if the municipality is 'found to have itself caused the constitutional violation at issue; it cannot be found liable on a vicarious liability theory.'" *Ludaway v. City of Jacksonville*, 245 F. App'x 949, 951 (11th Cir. 2007) (quoting *Skop v. City of Atlanta*, 485 F.3d 1130, 1145 (11th Cir. 2007)). A municipality may be found to have caused a constitutional violation "only when the execution of the government's policy or custom . . . inflicts the injury." *City of Canton v. Harris*, 489 U.S. 378, 385 (1989) (internal quotation marks omitted). Thus, "to impose § 1983 liability on a municipality, a plaintiff must show: (1) that his constitutional rights were violated; (2) that the municipality had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation." *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004).

Here, while Greene alleges a constitutional violation, Greene has not alleged that the City had a custom or policy evidencing a deliberate indifference to that right

or that a custom or policy caused the violation of the constitutional right. Instead, Greene seeks to hold the City liable for the Officer Defendants' actions solely because the officers worked for the City. Section 1983 does not permit this theory of liability. While Greene attempts to allege a custom or policy for the first time in his response to the City's motion to dismiss, "[a] plaintiff may not amend [his] complaint through argument in [an opposition] brief." *Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004). Accordingly, Greene's § 1983 claims against the City are due to be dismissed.

### ii.      State Law Claims

Greene also sues the City for assault and battery (Counts IV and V), malicious prosecution (Count VI), civil conspiracy (Count VII), and under Alabama Code § 11-47-190 (Count VIII). As to the first three claims, the City argues that it cannot, as a matter of law, be held liable for the intentional torts of its employees. As to his § 11-47-190 claim, the City argues that Greene's claim is time-barred and that he has failed to timely comply with the statutory pre-suit notice requirements of Alabama Code § 11-47-23 and § 11-47-192.

It is well settled that under Alabama law, "a municipality cannot be held liable for the intentional torts of its employees." *Wheeler v. George*, 39 So. 3d 1061, 1085 (Ala. 2009) (citing *Cremeens v. City of Montgomery*, 779 So. 2d 1190 (Ala. 2000)). That is, a municipality is immune to intentional tort claims due to the application of Alabama Code § 11-47-190.

Greene's claims for assault and battery, malicious prosecution, and civil conspiracy against the City are intentional torts, and therefore are due to be dismissed. *See Brown v. City of Huntsville*, 608 F.3d 724, 744 (11th Cir. 2010) (holding that the city was entitled to immunity for assault and battery claims stemming from intentional, rather than negligent, careless, or unskillful use of force); *Franklin v. City of Huntsville*, 670 So. 2d 848, 852 (Ala. 1995) ("an action will not

6

lie against a municipality for malicious prosecution because such an action requires proof of malice, and § 11-47-190 [does not] provide[] for an action against a municipality for . . . its agents['] intentional torts. . . ." (internal quotation marks omitted)); *Aliant Bank v. Four Star Invs., Inc.*, 244 So. 3d 896, 927 (Ala. 2017) (citing *Grider v. Carver*, 767 F. Supp. 2d 1246, 1251 (M.D. Ala. 2011)) (holding that conspiracy "is an intentional tort" and thus municipalities are immune from conspiracy suits).

That leaves Greene's claims brought under Alabama Code § 11-47-190 in Count VIII. While Alabama Code § 11-47-190 gives municipalities immunity for intentional tort claims, that immunity does not apply to claims against municipalities for the negligent, careless or unskilled actions of its employees. Ala. Code § 11-47-190; *Ala. Mun. Ins. Corp. v. Allen*, 164 So. 3d 568, 574 (Ala. 2014) ("The first sentence of § 11-47-190 recognizes the principle that municipalities are generally immune from suit . . . and then provides an exception for actions seeking damages for the negligent acts of the agents or employees of municipalities . . . ." (quoting *Morrow v. Caldwell*, 153 So. 3d 764, 771 (Ala. 2014)).  The Alabama Supreme Court has held that a claimant bringing a claim under Alabama Code § 11-47-190 must *allege* and prove that he has timely complied with the statutory pre-suit notice requirements of Alabama Code § 11-47-23 and § 11-47-192, meaning a claimant must plead his compliance with the pre-suit notice requirements in his complaint. *See McCarroll v. City of Bessemer,* 289 So 731 (Ala. 1972). *See also Shuler v. Bd. Of Trustee of Univ. of Alabama*, 480 F.Appx 540, 543 (11th Cir. 2012) (citing *McCarroll*).

Greene makes no allegation in the Amended Complaint about whether he did or did not comply with the pre-suit notice requirements.  And he fails to address it when raised by the City in its motion dismiss.  Greene, having failed to allege or even discuss his compliance with the claim-filing requirement, has failed to state a

claim against the City for negligence under Alabama Code § 11-47-190, and therefore Count VIII against the City is due to be dismissed.

## C.    Fourth Amendment Claims

In Counts I and II, Greene alleges that he was wrongfully searched on June 12, 2021, wrongfully detained on June 13, 2021, wrongfully arrested on June 15, 2021, and wrongfully indicted, arrested and jailed between February 28 and March 5, 2022, in violation of his Fourth Amendment rights. The Officer Defendants move to dismiss these claims as time barred, except to the extent that Greene is advancing a Fourth Amendment malicious prosecution claim.

The statute of limitations for federal claims brought under § 1983 is the statute generally applicable to personal-injury actions in the forum state. *Owens v. Okure*, 488 U.S. 235, 240–41 (1989). The applicable limitations period for personal-injury actions in Alabama is two years, *see* Ala. Code § 6-2-38(*l*), thereby making the statute of limitations two years for claims brought under § 1983. *See Gorman v. Wood*, 663 So. 2d 921, 922 (Ala. 1995) ("[T]he only statute of limitations applicable to § 1983 claims in Alabama is the two-year statute of limitations in Ala. Code [] § 6-2-38(*l*)."); *Holland v. Barton*, 600 So. 2d 233, 234 (Ala. 1992) ("The statute of limitations for an action under 42 U.S.C. § 1983 is two years."). A cause of action under § 1983 accrues when a plaintiff knows or should know that "(1) that they have suffered the injury that forms the basis of their complaint and (2) who has inflicted the injury." *Chappell v. Rich*, 340 F.3d 1279, 1283 (11th Cir. 2003).

Here, Greene certainly was harmed and was aware of that harm, at the latest, on March 5, 2022, when he was released on bond after having been arrested following the grand jury indictment for murder.  Except for his prosecution itself, all of the other challenged actions occurred before then. *See Johnson v. County of Paulding*, 780 F. App'x 796, 798–99 (11th Cir. 2019) ("Fourth Amendment false arrest claims brought pursuant to § 1983 accrue when the claimant is detained

pursuant to a legal process, not later upon his release from custody") (citing *Wallace v. Kato*, 549 U.S. 384, 389–91 (2007)); *Freeman v. Holyfield*, 179 So. 3d 101, 105 (Ala. 2015) ("A claim of false imprisonment accrues on the date of arrest."); *Skinner*, 116 So. 3d at 1154 ("A false-imprisonment claim accrues on the date of the arrest . . . not at some later time when . . . the arrestee is acquitted of the underlying criminal offense."); *Locker v. City of St. Florian*, 989 So. 2d 546, 550 (Ala. Civ. App. 2008) ("[Plaintiff] was entitled to maintain his . . . false-imprisonment claim[] on the date of his . . . imprisonment.").  This means the last day Greene could have brought his § 1983 claims for alleged Fourth Amendment violations regarding a search and seizure was March 5, 2024. Greene, however, filed this action on May 11, 2025, well over a year past the expiration of the applicable statute of limitations. That the murder charges against him were dismissed on May 12, 2023, is irrelevant when cabined solely by the wrongful search and seizure claim. Greene's Fourth Amendment claims in Counts I and II (excluding the claim for malicious prosecution) are due to be dismissed.[2]

## D.     Fifth Amendment *Miranda* Claim

In Count III, Greene alleges that the Officer Defendants violated his Fifth Amendment rights by failing to advise him of his *Miranda* rights. According to Greene, this failure ultimately led him to make an incriminating statement that was later used to secure his initial arrest and subsequent indictment.

---

[2] Count II is poorly drafted.  The Officer Defendants characterize Count II as advancing both a Fourth Amendment wrongful search and seizure claim and a Fourth Amendment malicious prosecution claim.  Greene does not challenge that assertion.  As it concerns the malicious prosecution aspect of Count II, Greene does not allege the lack of probable cause or malice, thereby making the claim insufficiently pleaded.  Instead, Greene characterizes the underlying conduct as being based in negligence and carelessness.  On its face, the claim should be dismissed but the Officer Defendants have not requested it.  The Court will deal with that issue via a separate order.

The Officer Defendants move to dismiss this claim, asserting that it fails to state a claim upon which relief can be granted.  The Officer Defendants are correct on this point.

The failure to provide a *Miranda* warning does not confer a private right to sue for that violation under § 1983.  *See Vega v. Tekoh*, 597 U.S. 134, 152 (2022) (finding that § 1983 does not confer a right to sue over an officer's failure to advise an individual of his *Miranda* rights "[b]ecause a violation of *Miranda* is not itself a violation of the Fifth Amendment."); *Parris v. Taft*,  630 F. App'x 895, 901 (11th Cir. 2015); *Jones v. Cannon*, 174 F.3d 1271, 1291 (11th Cir. 1999).  Thus, Greene cannot pursue a § 1983 claim based  on the allegation that his *Miranda* rights were violated.  Count III is due to be dismissed.

**E.    Assault and Battery Claim**

Defendant Quincy Kitt moves to dismiss Greene's state law assault and battery claim (Count IV) against him on the basis that Greene has not pleaded a plausible claim for assault and battery.

Under Alabama law, "[t]he plaintiff in an action alleging assault and battery must prove '(1) that the defendant touched the plaintiff; (2) that the defendant intended to touch the plaintiff; and (3) that the touching was conducted in a harmful or offensive manner.'" *Dolgencorp, LLC v. Spence*, 224 So. 3d 173, 180 (Ala. 2016) (quoting *Harper v. Winston County*, 892 So. 2d 346, 353 (Ala. 2004)).

The only allegation in the Amended Complaint against Kitt is that Kitt convinced his brother, Terrell Allen, to lower a gun that Allen pointed at Greene and that Kitt told Greene that he would see Greene later. Greene does not allege that Kitt ever touched him or physically threatened him. Because Greene does not allege any touching by Kitt, Greene fails to state a claim for assault and battery against Kitt. *See Allen v. Walker*¸ 569 So. 2d 350, 351–52 (Ala. 1990) ("Words standing alone cannot constitute an assault."); *Jones v. Saugahatchee Country Club*, No. 3:23-cv-

34, 2025 WL 913454, at *16–17 (M.D. Ala. Feb. 19, 2025) (dismissing battery claim where there was no accusation of harmful or offensive touching); *Ex parte Atmore Cmty. Hosp.*, 719 So. 2d 1190, 1195 (Ala. 1998) (same). Greene's assault and battery claim against Kitt is due to be dismissed.

## CONCLUSION

Accordingly, it is **ORDERED** as follows:

(1)    The *Motion For Partial Dismissal Of Plaintiff's Amended Complaint By The City Of Tuskegee, Tuskegee Police Department, Chief Loyd Jenkins, Sgt. B.J. McCullough, Sgt. Joshua Bonner, Officer Brennan Echols, Officer Darius Jones, Officer Quincy Kitt, And Officer Sam White* (doc. 41) is **GRANTED**;

(2)    All fictitious party defendants and associated claims are **DISMISSED**;

(3)    All official capacity claims against Defendants Loyd Jenkins, B.J. McCullough, Joshua Bonner, Brennan Echols, Darius Jones, Quincy Kitt, and Sam White are **DISMISSED**;

(4)    All claims against the Tuskegee Police Department and the City of Tuskegee are **DISMISSED** and therefore the Tuskegee Police Department and the City of Tuskegee are **TERMINATED** as parties in this action;

(5)    Count I is **DISMISSED** in its entirety;

(6)    Count II (illegal search and seizure) is **DISMISSED** against all Defendants, except for Investigator Cannon;

(7)    Count III is **DISMISSED** in its entirety;

(8)    Count IV against Quincy Kitt is **DISMISSED**.

(9)    This case shall **PROCEED** on the following claims against the following defendants:

(a)    The Fourth Amendment illegal search and seizure claim in Count II against Investigator Cannon (official and individual capacities);

11

(b)     The Fourth Amendment malicious prosecution claim in Count II against Investigator Cannon in his official and individual capacities, and against Brennan Echols, Darius Jones, and Sam White in their individual capacities only;

(c)     The state law assault and battery claim in Count IV against Terrell Allen;

(d)     The state law assault and battery claim in Count V against B.J. McCollough and Joshua Bonner in their individual capacities only;

(e)     The state law malicious prosecution claim in Count VI[3] against Investigator Cannon in his official and individual capacities, and against Quincy Kitt, Terrell Allen, Sam White, Joshua Bonner, B.J. McCullough, Brennan Echols, Darius Jones, and Loyd Jenkins in their individual capacities only;

(f)     The state law civil conspiracy claim in Count VII against Investigator Cannon in his official and individual capacities, and against Quincey Kitt, B.J. McCollough, Johsua Bonner, Sam White, Darius Jones, Brennan Echols, and Loyd Jenkins in their individual capacities only; and,

(g)     The Alabama Code § 11-47-190 claim in Count VIII against Investigator Cannon in his official and individual capacities, and against Quincey Kitt, B.J. McCollough, Johsua Bonner, Sam White, Darius Jones, Brennan Echols, and Loyd Jenkins in their individual capacities only.

---

[3] Contrary to the Officer Defendants' assertion, Count VI does not include a federal Fourth Amendment malicious prosecution claim, and the Court will not interpret it as stating such. A vague reference to federal law embedded within a count that is labeled as a state law claim and is otherwise a pure state law claim does not make it a federal claim also.

**DONE** and **ORDERED** on this the 30th day of March 2026.

R. AUSTIN HUFFAKER, JR.
CHIEF UNITED STATES DISTRICT JUDGE