IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| ZAVIER ISIAH GREENE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 3:25-CV-432-RAH-SMD |
| | ) | |
| CHIEF JENKINS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

### INTRODUCTION

Pending before the Court is Defendants' *Motion For Partial Dismissal Of Plaintiff's Second Amended Complaint By Loyd Jenkins, B.J. McCullough, Joshua Bonner, Brennan Echols, Darius Jones, Quincy Kitt, And Sam White*. (Doc. 61.) Being fully briefed and thus ripe for decision, the motion is due to be granted.

### BACKGROUND

On the evening of June 12, 2021, Plaintiff Zavier Isiah Greene was visiting a friend's apartment on the 2900 block of Davidson Street in Tuskegee, Alabama when a shootout occurred at the apartment complex that resulted in one death. Several Tuskegee Police Department officers responded and investigated the shooting. As part of their investigation, the officers taped off the scene, collected evidence, and interviewed potential witnesses, including Greene. They also carried out two searches of the apartment that Greene was visiting and towed a car belonging to Greene's mother located in the apartment complex.

Later that morning, Greene was transported to the Tuskegee Police Station for questioning. After initially denying any involvement in the shooting, Greene

eventually told officers that he may have moved a gun out of the way of children after the shooting. He now claims this admission was a lie due to the pressure he felt during the interrogation.

On June 15, 2021, Sgt. B.J. McCullough of the Tuskegee Police Department obtained a warrant to arrest Greene for attempted murder and felony murder. Greene was arrested and spent one month in the Macon County Jail before bonding out.

On February 11, 2022, Sgt. McCullough testified before a Macon County grand jury which later returned an indictment against Greene for attempted murder and felony murder. Greene turned himself in and eventually bonded out on March 5, 2022. Over a year later, on May 12, 2023, the State dismissed the criminal charges against Greene.

Nearly two years later, on May 11, 2025, Greene brought this civil lawsuit, asserting claims against the City of Tuskegee, the Tuskegee Police Department and several of its police officers, and multiple fictious parties relating to the investigation and Greene's arrest and prosecution. The Complaint was subsequently amended on December 15, 2025, and then amended a second time on May 8, 2026, thereby making the Second Amended Complaint the operative pleading. That pleading is now the basis of the pending motion for partial dismissal filed by Defendants Chief Loyd Jenkins, Sgt. B.J. McCullough, Sgt. Joshua Bonner, Officer Brennan Echols, Officer Darius Jones, Officer Quincy Kitt, and Officer Sam White.

## LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint against the legal standard set forth in Rule 8: "a short plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*,

556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. Conclusory allegations that are merely "conceivable" and fail to rise "above the speculative level" are insufficient to meet the plausibility standard. *Twombly*, 550 U.S. at 555, 570. This pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Indeed, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Id.* (quotation marks omitted).

"To decide whether a complaint survives a motion to dismiss, [district courts] use a two-step framework." *McCullough v. Finley*, 907 F.3d 1324, 1333 (11th Cir. 2018). "A district court considering a motion to dismiss shall begin by identifying conclusory allegations that are not entitled to an assumption of truth—legal conclusions must be supported by factual allegations." *Randall v. Scott*, 610 F.3d 701, 709–10 (11th Cir. 2010). "Second, only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679. Here, Greene "bear[s] the burden of setting forth facts that entitle them to relief." *Worthy v. City of Phenix City*, 930 F.3d 1206, 1222 (11th Cir. 2019).

## DISCUSSION

To begin, Greene concedes to the dismissal of his Fourth Amendment pre-indictment illegal search and seizure claims that are made the basis of Counts I through VIII of his Second Amended Complaint as time-barred. Accordingly, those claims will be dismissed. Greene further concedes to the dismissal of Count XXI

(incorrectly identified as Count VII (*see* doc. 60), as to all Defendants, except Defendant McCullough. Accordingly, that claim will be dismissed as to Defendants Kitt, Bonner, White, Jones, Elchols and Jenkins. The Court therefore will address the only remaining issue raised in the motion — the Count XXI against Defendant McCullough.

In Count XXI, Greene alleges that McCullough is liable under Alabama Code § 11-47-190 for his negligent and careless investigation of the underlying crime as well as for Greene's subsequent prosecution. McCullough argues liability under Ala. Code § 11-47-190 exists only for municipalities, not to municipal officers sued in their individual capacities. McCullough also argues the claim is time-barred.

Alabama Code § 11-47-190 provides that "No city or town shall be liable for damages for injury done to or wrong suffered by any person or corporation, unless such injury or wrong was done or suffered through the neglect, carelessness, or unskillfulness of some agent, officer, or employee of the municipality engaged in work therefor and while acting in the line of his or her duty, or unless the said injury or wrong was done or suffered through the neglect or carelessness or failure to remedy some defect in the streets, alleys, public ways, or buildings after the same had been called to the attention of the council or other governing body or after the same had existed for such an unreasonable length of time as to raise a presumption of knowledge of such defect on the part of the council or other governing body and whenever the city or town shall be made liable for damages by reason of the unauthorized or wrongful acts or negligence, carelessness, or unskillfulness of any person or corporation, then such person or corporation shall be liable to an action on the same account by the party so injured." It further provides that "no recovery may be had under any judgment or combination of judgments, whether direct or by way of indemnity under Section 11-47-24, or otherwise, arising out of a single occurrence, against a municipality, and/or any officer or officers, or employee or

4

employees, or agents thereof, in excess of a total $100,000 per injured person up to a maximum of $300,000 per single occurrence, the limits set out in the provisions of Section 11-93-2 notwithstanding."

In its simplest, this statute creates an exception to municipalities' general entitlement to immunity for damages claims against the municipality arising out of the negligent acts of its agents and employees. The statute does not, however, create a private cause of action against officers sued in their individual capacity. *See Morrow v. Caldwell*, 153 So. 3d 764, 771 (Ala. 2014) ("no language in § 11-47-190 suggests that it is intended to apply to claims against municipal employees who are sued in their individual capacities."); *Ala. Mun. Ins, Corp. v. Allen*, 164 So. 3d 568, 579 (Ala. 2014) ("municipal employees were not the intended subject of the legislature's enactment of § 11-47-190."). As a result, Greene's § 11-47-190 claim against McCullough fails to state a claim and therefore is due to be dismissed.

## CONCLUSION

Accordingly, it is **ORDERED** as follows:

(1)    Defendants' *Motion For Partial Dismissal Of Plaintiff's Second Amended Complaint By Loyd Jenkins, B.J. McCullough, Joshua Bonner, Brennan Echols, Darius Jones, Quincy Kitt, And Sam White* (doc. 61) is **GRANTED**;

(2)    Counts I, II, III, IV, V, VI, VII, VIII and XXI of the Second Amended Complaint (doc. 60) are  **DISMISSED** with prejudice; and,

(3)    This case shall proceed on Counts IX, X, XI, XII, XIII, XIV, XV, XVI, XVII, XVIII, XIX, and XX.

**DONE** and **ORDERED** on this the 18th day of June 2026.

R. AUSTIN HUFFAKER, JR.
CHIEF UNITED STATES DISTRICT JUDGE

5